PIROLO v. HINKLE et al.

(Supreme ·Court, Appellate Division, First Department.   March 11, 1910.)

MASTER AND SERVANT (§ 293*)—ACTION FOR INJURIES—INSTRUCTIONS—OPERA-
TION OF MACHINE.
   Failure of employers to instruct an employé as to the operation of a
machine would afford no basis for recovery in a suit for injuries caused
by it, if he was not operating it when injured, as appeared from his com-
plaint and his own testimony; and hence a charge leaving the jury at
liberty to find against defendants on the theory that they failed to in-
struct plaintiff was reversible error, where it is not clear that a verdict
in his favor was not based on that theory.
   [Ed. Note.—For other cases, see Master ·and Servant, Cent. Dig. § 1160;
Dec. Dig. § 293.*]

Appeal from Trial Term, New York County.
Action by Michaele Pirolo against Eugene E. Hinkle and another
for personal injuries. From a judgment for plaintiff, and from an
order denying a new trial, defendants appeal. Reversed.
Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, MILLER, and DOWLING, JJ.

John C. Robinson, for appellants.
Nelson L. Keach, for respondent.

LAUGHLIN, J.   On the 30th day of October, 1907, the plaintiff
was in the employ of the defendants, and had been for 13 months, and
prior to that day had been operating a drilling machine.   On the day
in question the foreman directed him to go to work on a punching
machine, and gave him a punch and die, and directed him to change the
punch and die that were then on the machine.   At that time there was
a round die on the machine, and the direction was to substitute a square
die for it.   The punching machine was operated by a foot treadle.   He
removed the punch, which was above, and substituted the other for it,
and removed the round die below, and was ·in the act of substituting
the square one for it, when the punch came down, striking the die,
which was not fully in place, breaking off some of the material, and a
small piece of the steel struck the plaintiff in the eye, inflicting the in-
juries to recover for which the action is brought.
   The only questions submitted to the jury were with respect to the
plaintiff's freedom from contributory negligence and as to whether
the defendants were guilty of negligence in not furnishing the plain-
tiff a safe machine which was not defective, and whether, if the
machine was not defective, the defendants were guilty of negligence
in failing to warn and instruct the plaintiff with respect to the dan-
ger and the operation thereof.   The court instructed the jury that if
the machine were a dangerous one, and the dangers were latent
and hidden, and not apparent, then it was the duty of the defendants,
before directing the plaintiff to work on the machine, to give him
proper instructions and to warn him of the dangers, provided the dan-
gers were known to them and not known to him, and further instructed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

them that even though the machine was not defective, if it was dangerous, and they knew of the danger, and he did not, and they failed to.instruct him, they might be held liable. Counsel for the defendants duly excepted to the charge, in so far as it left the jury at liberty to find a verdict against the defendants on the theory that they failed to instruct the plaintiff in the use of the machine, and requested the court to instruct the jury that they could not find a verdict against the defendants for a failure to instruct the plaintiff "as to the operation of the machine," which the court declined, and an exception was duly taken. Counsel for defendants also requested the court to instruct the jury that, if the accident was caused solely by the plaintiff putting his foot on the treadle, the verdict must be for the defendants, to which the court replied:

"If they find it was caused solely by that, still leaving to the jury the question of putting this man to work on a machine which they may find to have been dangerous, with latent hidden dangers."

An exception was duly taken to the refusal of the court to charge as requested, and to the charge as modified. It is impossible to ascertain from this record upon what theory the verdict was rendered, and it appears by the record that it may have been rendered upon an untenable theory. It is highly probable that the plaintiff moved the treadle and thus caused the accident. The evidence which it is claimed showed that the machine was dangerous is merely to the effect that at times, after being started in motion in the usual manner by the application of weight to the treadle, it would continue in motion after the removal of the pressure from the treadle, and punch two or three times before stopping. It is evident, however, that such defect, if it existed, was not the cause of the accident. The inference from the evidence is that the injury was caused by the first drop of the punch, and there is.no evidence to show that the machine would start into motion without the application of considerable weight to or pressure on the treadle. It is quite likely that if the plaintiff was, as he claims, unfamiliar with the work to which he was assigned, and, while absorbed with the performance of the duty of changing the die, accidentally came in contact with the treadle and started the machine, he would not be chargeable with contributory negligence as matter of law.

The difficulty with the case is that the verdict may be based on the theory that he started the machine, whereas he specifically charges, both in his complaint and in his bill of particulars, and states in his testimony, that he did not come in contact with it. The jury were instructed that if the plaintiff was free from contributory negligence, and the machine was defective, and the defect caused the accident, independently of any act of the plaintiff in handling the machine, then the plaintiff might recover. No exception was taken to this part of the charge, unless it be embraced in an exception to that part of the charge in which the court left it to the jury to find whether or not the machine was dangerous. The effect of this charge was to permit the jury to find that the machine started in motion owing to its defective condition, and without the application of weight to the treadle by the plaintiff. The failure of the defendants to instruct the plaintiff with

respect to the operation of the machine would afford no basis for a recovery. He was not operating the machine at the time. He was sent there first to change the punch and die, and then to operate the machine. He claims that he did not know how to change the punch and die and to operate the machine, and that he so informed the foreman, but that he was directed to proceed, and was given no instructions.

Inasmuch as failure on the part of the defendants to instruct the plaintiff how to operate the machine was not the cause of the accident, the defendants may have been prejudiced by the failure of the court to instruct the jury that they were not at liberty to find a verdict against the defendants upon that theory. If the exception to this refusal to charge stood alone, it is possible that the ruling could be sustained on the theory that the court must have understood the request as relating to instructions with respect to changing the punch and die, or that, since the jury must have understood that plaintiff was not operating the machine at the time, the request had no application to the facts, and its refusal could not be prejudicial. It appears that there were devices designed to prevent an accident of this kind by an employé accidentally coming in contact with the treadle while repairing or changing the machine. The negligence of the defendants in failing to warn the plaintiff of the danger of coming in contact with the treadle, or to instruct him with respect to the use of the safety device, doubtless, made the question of their negligence one for the jury. Unless the complaint and bill of particulars are amended, it would seem that it will be the duty of the court to instruct the jury that plaintiff cannot recover, if he started the machine either intentionally or accidentally.

The judgment and order should be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.